[Cite as *Janoch v. Ohio Dept. of Transp.*, 2010-Ohio-6629.]

# Court of Claims of Ohio

The Ohio Judicial Center
65 South Front Street, Third Floor
Columbus, OH 43215
614.387.9800 or 1.800.824.8263
www.cco.state.oh.us

KIM JANOCH

     Plaintiff

     v.

OHIO DEPARTMENT OF TRANSPORTATION

     Defendant

Case No. 2010-07105-AD

Deputy Clerk Daniel R. Borchert

MEMORANDUM DECISION

{¶ 1} Plaintiff, Kim Janoch, filed this action against defendant, Department of Transportation (ODOT), contending her 1997 Chrysler Sebring that her minor son was driving was totally damaged as a proximate cause of negligence on the part of ODOT in maintaining a hazardous condition in a construction project area on State Route 43 in Aurora, Ohio. Specifically, plaintiff related the front axle, ball joint, and tie rod end on her car were damaged when the vehicle struck "a trench across the road at approximately 181 N. Aurora Rd, Aurora, Ohio" that had apparently been dug by ODOT contractor, Fabrizi Trucking and Paving Company, Inc. (Fabrizi). Plaintiff asserted that Fabrizi, after digging the trench (actually a culvert replacement project) across the roadway "failed to maintain it properly (and) [t]his allowed a hole to develop - 10 X 18-8 inches deep." Plaintiff noted that when her car struck the roadway depression the axle broke locking the steering wheel causing her son to have no control over the vehicle resulting in the vehicle careening off the roadway approximately fifty feet until coming to a stop in a ditch against a tree. Plaintiff recalled the described damage incident occurred on March 12, 2010 (Friday) at approximately 7:20 a.m. Plaintiff related Fabrizi

was not working on the culvert replacement project on March 12, 2010 and after the damage incident "[t]hey were notified immediately and called in workers to fill the hole, posted signs, and put barrels beside the spot that had not been" stationed there prior to 7:20 a.m. In her complaint, plaintiff requested damage recovery in the amount of $2,500.00, the stated value of her 1997 Chrysler Sebring. The filing fee was paid.

{¶ 2} Defendant acknowledged that the roadway area where plaintiff's property damage incident occurred was within the limits of a working construction project under the control of ODOT contractor, Fabrizi. Defendant advised the particular construction project "dealt with widening, resurfacing, draining, signing and signalizing roadway on SR 43 between milepost 23.59 and 25.74 in Portage County." From plaintiff's description, defendant determined the described damage incident occurred "at milepost 23.90 on SR 43 in Portage County" which is located within the project limits. Defendant asserted that this particular construction project was under the control of Fabrizi and consequently ODOT had no responsibility for any damage or mishap on the roadway within the construction project limits. Defendant argued that Fabrizi, by contractual agreement, was responsible for maintaining the roadway within the construction zone. Therefore, ODOT contended that Fabrizi is the proper party defendant in this action. Defendant implied that all duties such as the duty to inspect, the duty to warn, the duty to maintain, and the duty to repair defects were delegated when an independent contractor takes control over a particular section of roadway. Furthermore, defendant contended that plaintiff failed to introduce sufficient evidence to prove her damage was proximately caused by roadway conditions created by ODOT or its contractors. All construction work was to be performed in accordance with ODOT requirements and specifications and subject to ODOT approval.

{¶ 3} For plaintiff to prevail on a claim of negligence, she must prove, by a preponderance of the evidence, that defendant owed her a duty, that it breached that duty, and that the breach proximately caused her injuries. *Armstrong v. Best Buy Company, Inc.,* 99 Ohio St. 3d 79, 2003-Ohio-2573,¶8 citing *Menifee v. Ohio Welding Products, Inc.* (1984), 15 Ohio St. 3d 75, 77, 15 OBR 179, 472 N.E. 2d 707. Plaintiff has the burden of proving, by a preponderance of the evidence, that she suffered a loss and that this loss was proximately caused by defendant's negligence. *Barnum v. Ohio State University* (1977), 76-0368-AD. However, "[i]t is the duty of a party on whom the

burden of proof rests to produce evidence which furnishes a reasonable basis for sustaining his claim. If the evidence so produced furnishes only a basis for a choice among different possibilities as to any issue in the case, he fails to sustain such burden." Paragraph three of the syllabus in *Steven v. Indus. Comm.* (1945), 145 Ohio St. 198, 30 O.O. 415, 61 N.E. 2d 198, approved and followed.

{¶ 4} Defendant has the duty to maintain its highways in a reasonably safe condition for the motoring public. *Knickel v. Ohio Department of Transportation* (1976), 49 Ohio App. 2d 335, 3 O.O. 3d 413, 361 N.E. 2d 486. However, defendant is not an insurer of the safety of its highways. See *Kniskern v. Township of Somerford* (1996), 112 Ohio App. 3d 189, 678 N.E. 2d 273; *Rhodus v. Ohio Dept. of Transp.* (1990), 67 Ohio App. 3d 723, 588 N.E. 2d 864. The duty of ODOT to maintain the roadway in a safe drivable condition is not delegable to an independent contractor involved in roadway construction. ODOT may bear liability for the negligent acts of an independent contractor charged with roadway construction. *Cowell v. Ohio Department of Transportation*, Ct. of Cl. No. 2003-09343-AD, jud, 2004-Ohio-151. Despite defendant's contentions that ODOT did not owe any duty in regard to the construction project, defendant was charged with duties to inspect the construction site and correct any known deficiencies in connection with the particular construction work. See *Roadway Express, Inc. v. Ohio Dept. of Transp.* (June 28, 2001), Franklin App. 00AP-1119.

{¶ 5} Alternatively, defendant denied that neither ODOT nor Fabrizi had any notice "of the pavement on SR 43 prior to plaintiff's incident." Defendant explained "this portion of SR 43 (covering milepost 23.90) has an average daily traffic volume of between 9,110 and 11,100 however, no other complaints were received on this project in this timeframe." Defendant contended plaintiff failed to offer evidence to establish her property damage was attributable to any conduct on either the part of ODOT or Fabrizi. Defendant further contended plaintiff failed to produce any evidence to prove the construction area was negligently maintained.

{¶ 6} In order to find liability for a damage claim occurring in a construction area, the court must look at the totality of the circumstances to determine whether ODOT acted in a manner to render the highway free from an unreasonable risk of harm for the traveling public. *Feichtner v. Ohio Dept. of Transp.* (1995), 114 Ohio App. 3d 346, 683 N.E. 2d 112. In fact, the duty to render the highway free from an

unreasonable risk of harm is the precise duty owed by ODOT to the traveling public under both normal traffic and during highway construction projects. See e.g. *White v. Ohio Dept. of Transp.* (1990), 56 Ohio St. 3d 39, 42, 564 N.E. 2d 462.

**{¶ 7}** Ordinarily to prove a breach of the duty to maintain the highways, plaintiff must prove, by a preponderance of the evidence, that defendant had actual or constructive notice of the precise condition or defect alleged to have caused the accident. *McClellan v. ODOT* (1986), 34 Ohio App. 3d 247, 517 N.E. 2d 1388. Defendant is only liable for roadway conditions of which it has notice, but fails to reasonably correct. *Bussard v. Dept. of Transp.* (1986), 31 Ohio Misc. 2d 1, 31 OBR 64, 507 N.E. 2d 1179. However, proof of notice of a dangerous condition is not necessary when defendant's own agents actively cause such condition. *Bello v. City of Cleveland* (1922), 106 Ohio St. 94, 138 N.E. 526, at paragraph one of the syllabus; *Sexton v. Ohio Department of Transportation* (1996), 94-13861. In her complaint, plaintiff argued the damage to her car was caused by roadway conditions created by ODOT's contractor. The trier of fact finds defendant has provided documentation to support the contention that the damage causing condition was created by construction activity.

**{¶ 8}** Defendant contended plaintiff did not prove her damage was caused by a dangerous roadway condition attributable to construction work. Defendant submitted a document purportedly from Fabrizi Project Superintendent, Chris Taylor, describing the work performed at the culvert replacement site at milepost 23.90 on State Route 43. The submitted document is reproduced in its entirety.

**{¶ 9}** "On March 2, 2010 an existing culvert @ Sta. 127+00 Lt. was removed as per ODOT plans and specifications. The trench was backfilled and compacted with #304 crushed gravel. The last inch of the trench was capped with asphalt cold mix as a temporary repair throughout construction. At the end of the day on March 2nd it was noticed that tire ruts were developing due to moisture and settling of the trench. At this time it was determined to place a 1" thick steel road plate with asphalt cold mix over the trench until it was settled and safe for the travelling public. Two signs were placed at this location. One is advising PLATE ON ROAD and the other BUMP.

**{¶ 10}** "The road plate and signs were left in place until March 11, 2010. At this time it was determined that the trench was safe for the travelling public. At the end of

the day, the plate and signs were removed and the trench was left in a safe condition.

**{¶ 11}** "On March 12, 2010 it was noticed that tire ruts started to develop overnight and asphalt cold mix was added to the trench to make a smoother transition. This was done at approximately 10:30 am. Later that afternoon a gentleman stopped in the field office to advise Fabrizi and ODOT of an accident that had taken place that morning at 7:30 am. He stated his son was on his way to school and hit a pot hole that caused his axle to break which ultimately resulted in the driver losing control and going off the roadway. The car was totaled and a claim was filed with Fabrizi.

**{¶ 12}** "Pictures were taken of the accident scene but no pictures were taken of the pot hole due to the fact it was repaired before Fabrizi was aware that an accident had occurred. The tire rutting (pot hole) was approximately 1" to 3" prior to the repair. Additionally after reviewing the police report it was noticed that the tie rod on the driver side was where the mechanical failure occurred. The rut/pot hole was on the passenger side of the vehicle near the white edge line. Fabrizi made sure the trench was safe for the weekend and have had no issues since.

**{¶ 13}** "The incident occurred within the construction zone. There are two messages boards on each end of the project advising of the construction zone and also ROAD CONSTRUCTION AHEAD/END ROAD WORK signs posted as per plans and specifications. Furthermore there are ROUGH ROAD signs posted at various locations throughout the project."

**{¶ 14}** Defendant submitted photographs depicting the roadway area and plaintiff's automobile stopped in a wooded area off the right side of State Route 42 South. These photographs admittedly taken on March 12, 2010 do not depict any traffic control, speed limit signage, or any other advisory signage in place along the roadway. Defendant submitted other photographs depicting the culvert replacement site after the defective condition had been repaired and traffic control barrels were in place. Still another submitted photograph depicts traffic control at the "entrance into area" in the form of barrels and a "Rough Road" sign. An additional photograph of the area taken after the March 12, 2010 damage incident depicts traffic control barrels, a "Road Construction Ahead" sign, and a "35 MPH Zone Ahead" sign.

**{¶ 15}** Defendant submitted a copy of a "Traffic Crash Report" compiled shortly after the incident forming the basis of this claim. According to information in the "Traffic

Crash Report" the posted speed on State Route 43 at the time was 45 mph and plaintiff's car was traveling 45 mph when the damage event occurred. Also, this "Traffic Crash Report" designates the only traffic control on this particular section of roadway at the time was "pavement markings."

{¶ 16} Defendant may bear liability if it can be established if some act or omission on the part of ODOT or its agents was the proximate cause of plaintiff's injury. This court, as the trier of fact, determines questions of proximate causation. *Shinaver v. Szymanski* (1984), 14 Ohio St. 3d 51, 14 OBR 446, 471 N.E. 2d 477.

{¶ 17} "If any injury is the nature and probable consequence of a negligent act and it is such as should have been foreseen in the light of all the attending circumstances, the injury is then the proximate result of the negligence. It is sufficient that his act is likely to result in an injury to someone." *Cascone v. Herb Kay Co.* (1983), 6 Ohio St. 3d 155, 160, 6 OBR 209, 451 N.E. 2d 815, quoting *Neff Lumber Co. v. First National Bank of St. Clairsville, Admr.* (1930), 122 Ohio St. 302, 309, 171 N.E. 327. Evidence available tends to point out the damage to plaintiff's vehicle was caused by roadway conditions originally created by defendant's agents.

{¶ 18} Generally, in order to recover in a suit involving damage proximately caused by roadway conditions including construction defects, plaintiff must prove that either: 1) defendant had actual or constructive notice of the defect and failed to respond in a reasonable time or responded in a negligent manner, or 2) that defendant, in a general sense, maintains its highways negligently. *Denis v. Department of Transportation* (1976), 75-0287-AD. There is insufficient evidence ODOT or Fabrizi had actual notice that the defective condition had reformed prior to plaintiff's incident at 7:20 a.m. on March 12, 2010. Therefore, in order to recover on a notice rationale, plaintiff must produce evidence to prove constructive notice of the defect.

{¶ 19} "[C]onstructive notice is that which the law regards as sufficient to give notice and is regarded as a substitute for actual notice or knowledge." *In re Estate of Fahle* (1950), 90 Ohio App. 195, 197-198, 48 O.O. 231, 105 N.E. 2d 429. "A finding of constructive notice is a determination the court must make on the facts of each case not simply by applying a pre-set time standard for the discovery of certain road hazards." *Bussard* at 4.

{¶ 20} Generally, the trier of fact is precluded from making an inference of

defendant's constructive notice, unless evidence is presented in respect to the time the defective condition developed. *Spires v. Ohio Highway Department* (1988), 61 Ohio Misc. 2d 262, 577 N.E. 2d 458.

{¶ 21} In order for there to be constructive notice, plaintiff must show sufficient time has elapsed after the dangerous condition appears, so that under the circumstances defendant should have acquired knowledge of its existence. *Guiher v. Dept. of Transportation* (1978), 78-0126-AD . Ordinarily size of a defect is insufficient to show notice or duration of existence. *O'Neil v. Department of Transportation* (1988), 61 Ohio Misc. 2d 287, 587 N.E. 2d 891. However, the massive size of a defect coupled with the knowledge that the defect presented a recurring problem is sufficient to prove constructive notice. *Fite v. Ohio Dept. of Transp.*, Ct. of Cl. No. 2009-05757-AD, 2009-Ohio-7124.

{¶ 22} Additionally, plaintiff has produced evidence to infer that defendant maintains the roadway negligently. *Denis*. Plaintiff's evidence submitted shows that the particular damage-causing defect was formed within ten days of the original construction activity. This fact constitutes sufficient evidence of negligent maintenance when coupled with the fact no traffic control was in place at the time of the incident and no reduced speed signs were positioned at the site. Consequently, defendant is liable to plaintiff for the damage claimed $2,500.00, plus the $25.00 filing fee which may be awarded as compensable costs pursuant to R.C. 2335.19. *Bailey v. Ohio Department of Rehabilitation and Correction* (1990), 62 Ohio Misc. 2d 19, 587 N.E. 2d 990.

Court of Claims of Ohio

The Ohio Judicial Center
65 South Front Street, Third Floor
Columbus, OH 43215
614.387.9800 or 1.800.824.8263
www.cco.state.oh.us

KIM JANOCH

Plaintiff

v.

OHIO DEPARTMENT OF TRANSPORTATION

Defendant

Case No. 2010-07105-AD

Deputy Clerk Daniel R. Borchert

ENTRY OF ADMINISTRATIVE
DETERMINATION


Having considered all the evidence in the claim file and, for the reasons set forth in the memorandum decision filed concurrently herewith, judgment is rendered in favor of plaintiff in the amount of $2,525.00, which includes the filing fee. Court costs are assessed against defendant.


DANIEL R. BORCHERT
Deputy Clerk

Entry cc:

Kim Janoch
1231 Bryce Avenue
Aurora, Ohio 44202

Jolene M. Molitoris, Director
Department of Transportation
1980 West Broad Street
Columbus, Ohio 43223

RDK/laa
9/30
Filed 10/13/10
Sent to S.C. reporter 1/21/11